**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jack Grant JEAKINS, Defendant— Appellant.**

No. 04–30014.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Feb. 25, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Carl Blackstone, Esq., Michael J. Lang, Esq., Patricia C. Lally, USSE—Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Robert H. Gombiner, Esq., Nancy D. Tenney, Esq., FPDWA—Federal Public Defender's Office Western District of Washington, Seattle, WA, for Defendant–Appellant.

Before: D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

## ORDER

The memorandum disposition filed on December 2, 2004, is withdrawn. Appellant Jack Grant Jeakins' Petition for panel rehearing and for rehearing en banc is thereby rendered moot. A new memorandum disposition is filed simultaneously with this order.

## MEMORANDUM *

The district court did not err by denying defendant's motion to suppress. Evidence obtained during a consensual warrantless search may be admitted into evidence. *Schneckloth v. Bustamante,* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Courts consider the totality of the circumstances in determining whether consent was voluntary. *United States v. Castillo,* 866 F.2d 1071, 1082 (9th Cir. 1988). Jeakins was standing in an open, public parking lot. He was not told that he was under arrest, or that he had to

---

remain at the scene. He was not in police custody, constructively or otherwise, at the time of the consensual search. Jeakins did not object to the search. *See United States v. Cannon*, 29 F.3d 472, 477 (9th Cir.1994) ("Failure to object to the continuation of a vehicle search after giving general consent to search 'is properly considered as an indication that the search was within the scope of the initial consent.'") (citation omitted). The police did not have their guns drawn. Jeakins was not Mirandized, though this is not dispositive. *See United States v. Morning*, 64 F.3d 531, 533 (9th Cir.1995). And because Jeakins was not in custody, *Miranda* warnings were not required. *See Stansbury v. California*, 511 U.S. 318, 322, 114 S.Ct. 1526, 128 L.Ed.2d 293 (1994). While Officer Fortney did not advise Jeakins of his right to refuse consent, Jeakins "responded so quickly the issue never arose." We hold that under the totality of the circumstances the warrantless search of defendant's car was consensual. *See United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir.2000).

■ We conclude that, when viewed in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, and therefore hold that Jeakins' conviction on counts 7 and 8 was supported by sufficient evidence. *See United States v. Odom*, 329 F.3d 1032, 1034 (9th Cir.2003). Specifically, there was sufficient evidence to support the jury's finding that one of the defendant's "dominant purposes" in taking the victim with him on the road for extended periods was to facilitate increased sexual activity with him. *See United States v. Kinslow*, 860 F.2d 963, 967 (9th Cir.1988). Similar-

ly, sufficient evidence supported the jury's finding that engaging in illicit sexual activity was a dominant intent, if not the dominant intent, behind all of Jeakins' trips with the victim.

We affirm the district court's denial of the motion to suppress and affirm the conviction on all counts. We vacate defendant's sentence and remand for resentencing in a manner consistent with *United States v. Booker*, No. 04–104 (U.S. Jan. 12, 2005), and *United States v. Fanfan*, No. 04–105 (U.S. Jan. 12, 2005). AFFIRMED in part; VACATED and REMANDED in part.